IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.   8:08CR164** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| | ) | |
| **JASON R. PUTNEY,** | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 61), filed by the Defendant, Jason R. Putney, through appointed counsel.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires a preliminary review of a § 2255 motion, and describes the preliminary review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Putney pleaded guilty to Counts I and III of the Indictment charging him with receiving and distributing child pornography (Count I) and forfeiture (Count III).  Putney waived his right to appeal in his plea agreement.  The plea agreement included a recommendation for a low end sentence.  Prior to his change of plea, his pretrial release was revoked due to his arrest by Omaha Police on two counts of felony sexual assault of a juvenile.  These incidents occurred on separate occasions in retail stores.

Putney was subject to a 5-year mandatory minimum sentence, and his sentencing guideline range was 210-240 months based on a total offense level of 37 and placement in Criminal History Category I. His guideline range was based in part on the following aspects of the offense: the involvement of prepubescent minors; the distribution of child pornography; sadistic material; and 7,450 images of child pornography. The PSR noted factors that "may" have warranted an upward departure, including the following: Putney had collected child pornography for 13 years; Putney had approximately 6,800 more than the number required for the 5-level enhancement relating to the number of images; and while on pretrial release Putney was caught having inappropriate sexual contact with four females, one of whom was a juvenile. Defense counsel objected to the Court's Tentative Findings.[1] On November 24, 2008, Putney was sentenced to 210 months and supervised release for life. On November 26, 2008, he pleaded guilty to the state court charges and on April 7, 2009, he was sentenced on those charges to terms of 5 years imprisonment concurrent to each other and the federal sentence.

Magistrate Judge Thomas D. Thalken appointed the Federal Public Defender to represent Putney for purposes of filing his timely § 2255 motion.[2]

## DISCUSSION

Putney alleges that his retained attorney, Wesley Dodge, provided ineffective assistance of counsel. In particular, Putney alleges that Dodge failed to: explain the

---

[1] Defense counsel previously objected to the PSR informally by sending objections to the Probation Officer. Objections were not, however, filed with the Court.

[2] Appointment of counsel before the filing of a § 2255 motion is rare. Generally, § motions are filed pro se. The Court then decides after a preliminary review of the motion whether appointment of counsel is necessary.

sentencing guidelines and led Putney to believe his sentence would be at or near the mandatory minimum sentence of 5 years; note that Putney was primarily in state custody at sentencing, understand the significance of the custody situation, or request a concurrent sentence; and timely file and assert meritorious grounds for downward departure and deviation.

In order to establish ineffective assistance of counsel, Putney must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires Putney to demonstrate that his counsel's seriously deficient performance prejudiced his defense. *Id*. at 687.

### *Advice Prior to Plea*

Putney signed his Petition to Enter a Plea of Guilty under oath, answering that he understood: the sentencing Judge could impose the same sentence had he not pleaded guilty; the sentence was solely for the Judge to decide; he was voluntarily pleading guilty; no agreement had been made with anyone other than the plea agreement with the government; no promises had been made to him outside those in the plea agreement; and no attorney had "promised, suggested or predicted" he would receive a lighter sentence in exchange for his guilty plea.

Under oath at his change of plea hearing, Putney stated the following: he understood the elements of the charge in Count I of the Indictment; he understood the penalties, including a term of imprisonment between 5 and 20 years; he and Dodge had discussed the advisory sentencing guidelines; the sentencing Judge would not be bound by the plea agreement, which included a low end recommendation; he read the plea agreement before he signed it and understood it; he was satisfied with Dodge's representation; and he would have no right to withdraw his guilty plea if his sentence would be higher than expected.

The statements Putney twice made under oath are contrary to those made in his § 2255 motion in which he argues that he was not advised about the sentencing guidelines before he pleaded guilty and had been led to believe by Dodge that his sentence would be at or near 5 years. The record does not support Putney's claims regarding ineffective assistance of counsel regarding advice given to him prior to his guilty plea. This claim is summarily dismissed.

### *State Custody*

Putney was in state custody at the time of sentencing due to his sexual assault offenses committed while he was on pretrial release. Putney argues that counsel's ineffectiveness resulted in a consecutive, as opposed to concurrent, sentence because counsel's alleged ineffectiveness resulted in the nonapplication of U.S.S.G. § 5G1.3(c), which gives a sentencing judge the discretion to order concurrent sentences where the Defendant is under an "undischarged term of imprisonment."

Putney's argument is misplaced because § 5G1.3(c) did not apply to his situation at sentencing. Putney was not subject to an "undischarged term of imprisonment" when

he was sentenced in this Court because he had not yet been sentenced in state court. *United States v. Cole,* 416 F.3d 894, 896 (8th Cir. 2005). Therefore, this claim is summarily dismissed.

***Downward Departure/Deviation***

Putney's argument that Dodge was ineffective in not filing a motion for downward departure or deviation is unavailing. For the reasons identified by the Probation Officer, the Court could have supported a decision to depart upward. Putney cannot prove the prejudice prong of *Strickland,* as there is no assurance that the Court would have departed downward or deviated even if Dodge had filed a motion for downward departure or deviation. Therefore, the Court need not address the first *Strickland* prong. This claim is summarily dismissed.

IT IS ORDERED:

1. The Court has completed the preliminary review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 61);

2. Upon preliminary review, the Court summarily dismisses the Defendant's claims raised in the § 2255 motion; and

3. A separate Judgment will be issued denying the § 2255 motion.

DATED this 1st day of July, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge