# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:08CR164 |
| vs. | |
| JASON R. PUTNEY, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on the Motion Under 18 U.S.C. § 3582 to Modify/Reduce Sentence by a Person in Federal Custody, ECF No. 64, submitted by Defendant Jason R. Putney. Defendant was sentenced on December 5, 2008, to a term of 210 months incarceration and lifetime supervised release following his plea of guilty to Count I of the Indictment: Receipt and Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2).

Defendant notes that the United States Sentencing Commission amended United States Sentencing Guideline § 2G2.2(b)(3) on November 1, 2016, to clarify that a five-level increase in offense level applies if a defendant knowingly distributed child pornography to another person for the specific purpose of obtaining something of value from that person. See United States Sentencing Commission, Guidelines Manual § 2G2.2(b)(3) (Nov. 1, 2016) (U.S.S.G.) (incorporating Amendment 801, Supplement to Appendix C). Defendant suggests that Amendment 801 should be applied retroactively to reduce his sentencing guideline, and he should be resentenced accordingly.

A court *may* modify a term of imprisonment "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant . . . after considering the factors set forth in

section 3553(a) to the extent they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §3582(c)(2). Section 3582 does not create a right to a sentence reduction. See *United States v. Hernandez-Marfil,* 825 F.3d 410, 412 (8th Cir. 2016).

While it is true that clarifying amendments, such as Amendment 801, are to be considered *if* a defendant is resentenced (see U.S.S.G. § 1B1.11, Application Note 1 (Nov. 1, 2016)), the adoption of a clarifying amendment itself does not give rise to any right to resentencing under 18 U.S.C. § 3582(c)(2). See U.S.S.G. § 1B1.10(a)(1). Amendment 801 was not among those the Sentencing Commission has designated as giving rise to potential resentencing under § 3582(c)(2). See U.S.S.G. § 1B1.10(d). Accordingly, resentencing would not be "consistent with applicable policy statements issued by the Sentencing Commission."

IT IS ORDERED:

1. The Defendant's Motion Under 18 U.S.C. § 3582 to Modify/Reduce Sentence by a Person in Federal Custody, ECF No. 64, is denied; and

2. The Clerk will mail a copy of this Memorandum and Order to the Defendant at his last known address.

Dated this 24th day of May, 2017.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge